IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BERKLEY REGIONAL INSURANCE COMPANY, | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-mc-9-B |
| WEIR BROTHERS, INC., ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING REMAINDER OF PLAINTIFF'S MOTION TO COMPEL AND AWARDING ATTORNEYS' FEES

Plaintiff and Judgment Creditor Berkley Regional Insurance Company ("Plaintiff" or "Berkley") filed a Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 2] and asked the Court, under Federal Rule of Civil Procedure 37(a)(3)(B), to enter an order compelling 13 defendants-judgment debtors to respond to Berkley's First Interrogatories to Aid in Enforcement of Judgment and Requests for Production of Documents to Aid in Enforcement of Judgment by a date certain. *See* Dkt. No. 2 at 2. Those defendants are Lee Weir, Individually; Mike Weir, Individually; Al Weir, Individually; Weir Bros. Inc.; Weir Transportation, Inc.; Weir Equipment, Inc.; Weir Excavation, Inc.; Weir Bros. Partners, LLC; Weir Industries, Inc.; Orange Crush Recyclers Management, LLC; Orange Crush Recyclers, Ltd.; 3W-Southern Aggregates Holdings, LP; and Southern Aggregates, LP (collectively, "Defendants"). *See* Dkt. No. 2 at 1. District Judge Jane J. Boyle referred the motion to the undersigned magistrate judge under 28 U.S.C. §

1

636(b) and an order of reference. *See* Dkt. No. 6.

In a May 21, 2014 Order Granting in Part Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 7], the Court, without opposition by the defendants, granted in part Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 2] and deferred ruling on the motion in part. More specifically, the Court ordered that Defendants Lee Weir, Individually; Mike Weir, Individually; Al Weir, Individually; Weir Bros. Inc.; Weir Transportation, Inc.; Weir Equipment, Inc.; Weir Excavation, Inc.; Weir Bros. Partners, LLC; Weir Industries, Inc.; Orange Crush Recyclers Management, LLC; Orange Crush Recyclers, Ltd.; 3W-Southern Aggregates Holdings, LP; and Southern Aggregates, LP must' each deliver their respective sworn answers to Berkley's First Interrogatories in Aid of Enforcement of Judgment and their respective responses to Berkley's First Request for Production of Documents in Aid of Enforcement of Judgment to Berkley's counsel by June 11, 2014. *See* Dkt. No. 7 at 4.

The Court now GRANTS the remainder of Plaintiff's Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 2] and, more specifically, GRANTS Plaintiff's request that the Court award it recovery of its reasonable attorneys' fees in the amount of $1,512.00 incurred for those services, under Federal Rule of Civil Procedure 37(a)(5)(A).

## Background

Plaintiff obtained a judgment against Defendants in the United States District Court for the Southern District of New York, in *Berkley Regional Insurance Company*

2

*v. Weir Bros, Inc., et al.*, Civil Action No. 13-3227, and then registered that judgment in this miscellaneous proceeding in this Court. *See* Dkt. No. 1.

In its Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 2], Plaintiff explains that it served its First Interrogatories to Aid in Enforcement of Judgment and its First Request for Production of Documents to Aid in Enforcement of Judgment (collectively, the "Discovery Requests") on Defendants, and Plaintiff submitted copies of the Discovery Requests and transmittal letters to each of the Defendants along with copies of the Certified Mail Return Receipt addressed for the certified mailings to each of the Defendants. *See* Dkt. No. 2; Dkt. No. 4, Exs. 1, 2, 3, & 4. Each of the Defendants had 30 days after service in which to respond to the Discovery Requests under Texas Rules of Civil Procedure 196 and 197 and Federal Rules of Civil Procedure 33, 34, and 69.

Plaintiff's motion reports that each of the Defendants has failed to provide to Berkley with any response or objections to the Discovery Requests, has failed to produce any of the requested documents, and has not requested any extension of time to respond to the Discovery Requests or to produce the requested documents. *See* Dkt. No. 2 at 3-4.

Plaintiff's Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 2] was served on each of the Defendants after Plaintiff's counsel contacted Mark Herndon, the attorney who represented the defendants in the original civil proceeding in which the judgment was entered, and was advised by Mr. Herndon on April 4, 2014 that he no longer represents Defendants. *See id.* at 4, 7. Plaintiff also

reports that Plaintiff's counsel mailed a letter to Lee Weir, Mike Weir, and Al Weir, individually and as a representative of the several business entity defendants on April 7, 2014 to try to resolve this discovery matter without having to file this motion and requested that they advise by April 15, 2014 if they would respond or would oppose or not oppose such motion. *See id.* at 4; Dkt. No. 4, Ex. 5. But Plaintiff reports that no response has been received. *See* Dkt. No. 2 at 4.

Despite having been served with the Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 2], none of the Defendants has appeared or filed a response in the more than two months since the motion was filed.

Plaintiff requests that the Court award it recovery of its reasonable attorneys' fees in the amount of $1,512.00 incurred in filing the motion to compel, under Rule 37(a)(5)(A). *See* Dkt. No. 2 at 5-6; Dkt. No. 4, Ex. 6. As support, Plaintiff submits the affidavit of its counsel James L. Deem in support of the hours that he worked on the Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 2], as supported by billing records, and in support of his hourly rate. *See* Dkt. No. 4, Ex. 6; *see also Tollett v. City of Keman*, 285 F.3d 357, 367 (5th Cir. 2002).

## Legal Standards and Analysis

As noted in the Court's May 21, 2014 order [Dkt. No. 7], Rule 37(a)(5)(A) requires the Court to order payment of the movant's reasonable expenses in making a motion to compel, including payment of attorneys' fees, when a motion to compel is granted, *see* FED. R. CIV. P. 37(a)(5)(A), and Plaintiff requests that the Court order Defendants to, jointly and severally, pay Plaintiff's reasonable attorneys' fees for

4

preparing and submitting Plaintiff's Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 2] in the amount of $1,512.00, *see* Dkt. No. 2 at 6.

But Rule 37(a)(5)(A) also requires that the respondents have an opportunity to be heard as to an award of fees and expenses and provides three exceptions under which the Court must not order payment of the movant's fees and expenses. *See* FED. R. CIV. P. 37(a)(5)(A)(i)-(iii). The Court already found that Plaintiff filed its motion to compel only after attempting to obtain the responses to the Discovery Requests without court action, which is the first exception. *See* Dkt. No. 4, Ex. 5; Dkt. No. 7 at 5. And the Court granted Defendants an opportunity to file a response to the request for Rule 37(a)(5)(A) sanctions by June 4, 2014 and to fully explain whether either of the other two exceptions applied – specifically, whether Defendants' failures to respond to the Discovery Requests were "substantially justified" or whether other circumstances make an award of expenses under Rule 37(a)(5)(A) unjust. Dkt. No. 7 at 5 (citing FED. R. CIV. P. 37(a)(5)(A)).

The Court's May 21, 2014 order [Dkt. No. 7] was served on Defendants, as required by the order's terms. *See* Dkt. No. 7 at 5-6; Dkt. No. 8. Still, none of the Defendants has appeared or made any filing in this case.

On the record before the Court, although Defendants have been given an opportunity to be heard, the Court finds no basis to conclude or find that Defendants' failures to respond to the Discovery Requests were "substantially justified" or that other circumstances make an award of expenses under Rule 37(a)(5)(A) unjust.

5

The undersigned has authority to enter a nondispositive order granting attorneys' fees as a sanction under Federal Rule of Civil Procedure 37. *See* Dkt. No. 6; 28 U.S.C. § 636(b); *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1016-17 (5th Cir. Unit A 1981) (per curiam). Accordingly, under Federal Rules of Civil Procedure 37(a)(5)(A), the Court GRANTS the remainder of Plaintiff's Motion to Compel [Dkt. No. 2] and, specifically, GRANTS Plaintiff's request to order Defendants to, jointly and severally, pay Plaintiff's reasonable attorneys' fees for preparing and submitting this motion to compel.

In the Fifth Circuit, the "lodestar" method is used to calculate attorneys' fees for purposes of fee awards. *See Tollett*, 285 F.3d at 367-68. In calculating a lodestar, the number of hours reasonably expended are multiplied by an appropriate hourly rate in the community for such work. *See Singer v. City of Waco*, 324 F.3d 813, 829 (5th Cir. 2003). The party seeking reimbursement of attorneys' fees bears the burden of establishing the number of hours expended through the presentation of adequately recorded time records as evidence. *See Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The Court should use this time as a benchmark and then exclude any time that is excessive, duplicative, unnecessary, or inadequately documented. *See Watkins*, 7 F.3d at 457. The hours remaining are those reasonably expended.

After calculating the lodestar, the Court may either (1) accept the lodestar figure or (2) decrease or enhance it based on the circumstances of the case, taking into account what are referred to as the *Johnson* factors. *See La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324, 329 (5th Cir. 1995); *Johnson v. Ga. Highway Express, Inc.*,

6

488 F.2d 714, 717-19 (5th Cir. 1974). But the lodestar is presumed to be reasonable and should only be modified in exceptional cases. *See Watkins,* 7 F.3d at 457.

Additionally, a party seeking attorneys' fees may only recover for time spent in preparing the actual discovery motion or otherwise caused by the other party's failure to comply with discovery. *See Tollett*, 285 F.3d at 368. Any fees and expenses not actually caused by a discovery violation are not assessable. *See Tollett*, 285 F.3d at 368 ("Obviously, the fees incurred for the underlying discovery requests were not caused by any failure to comply. Discovery dispute or no, those fees would have been incurred.").

The undersigned recognizes that the analysis set forth above, and particularly the interplay of the lodestar analysis and the *Johnson* factors, has recently been called into question. *See Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552-53 (2010); *S&H Indus., Inc. v. Selander*, No. 3:11-cv-2988-M-BH, 2013 WL 6332993, at *2-*3 (N.D. Tex. Dec. 5, 2013). But in a recent opinion, the United States Court of Appeals for the Fifth Circuit, without comment or reference to the United States Supreme Court's decision in *Perdue*, continued to utilize the approach laid out by this Court. *See Black v. SettlePou, P.C.*, 732 F.3d 492, 502-03 (5th Cir. 2013). *But see In re Pilgram's Pride Corp.*, 690 F.3d 650, 663-64 (5th Cir. 2012) (analyzing whether any changes brought about by *Perdue* apply to bankruptcy attorneys' fees calculations); *but see also In re ASARCO, L.L.C.*, Nos. 12-40997, 12-40998, & 13-40409, ___ F.3d ____, 2014 WL 1698072, at *4 (5th Cir. Apr. 30, 2014) (following *Pilgram's Pride*).

In *Perdue*, the Supreme Court was ultimately considering the appropriateness

7

of an enhancement of an award of attorneys' fees, and Defendant here has not requested such an enhancement. *See* Dkt. No. 49 at 5. Other factors also distinguish this case from *Perdue*, including the fact that *Perdue* involved a 42 U.S.C. § 1988 claim and the fees were therefore paid by state and local taxpayers. *See Perdue*, 559 U.S. at 558. Moreover, after the lodestar amount is determined, it may not be adjusted due to a *Johnson* factor that was already taken into account during the initial calculation of the lodestar, *see Saizen v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006), and the lodestar calculation may take into account several *Johnson* factors, *see Black*, 732 F.3d at 503 n.8.

In light of the circumstances in this case – where there is no request for enhancement and no Section 1988 claim – this Court will not address whether *Perdue* changed the landscape of calculating attorneys' fees awards in the Fifth Circuit. Rather, it will take into account the necessary factors when determining the appropriate amount of attorneys' fees.

Plaintiff is represented by James L. Deem of the law firm of Ford Nassen & Baldwin in Dallas, Texas, and Plaintiff requests a total of $1,512.00 in attorneys' fees based on fees paid for 4.8 hours of its attorney's time at $315 an hour. *See* Dkt. No. 4, Ex. 6.

A review of the billing records and affidavit reflects that all of the activities, totaling 4.8 hours, for which Plaintiff seeks an award of attorneys' fees relate to the Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 2] and, therefore, the fees for those activities will be awarded to Defendant. And

the Court finds, based on the information and record before the Court, including the Affidavit of James L. Deem, that the requested the hourly rate in this case is reasonable and is within the market rate for attorneys handling this type of litigation in the Dallas area. *See generally Vanliner Ins. Co. v. DerMargosian*, No. 3:12-cv-5074-D, 2014 WL 1632181, at *2 (N.D. Tex. Apr. 24, 2014) (noting that the Court is an expert on the reasonableness of attorneys' fees).

The Court therefore finds the appropriate lodestar here to be $1,512.00 (4.8 hours x $315/hour), as Plaintiff requests. The Court has considered the *Johnson* factors but notes that the lodestar is presumed to be reasonable and should only be modified in exceptional cases. Here, Plaintiff does not seek an enhancement of his attorneys' fees, and there are no other exceptional circumstances.

Under Rule 37(a)(5)(A), the Court awards Plaintiff its reasonable expenses for preparing and submitting Plaintiff's Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 2] in the amount of $1,512.00, to be paid, jointly and severally, by Defendants Lee Weir, Individually; Mike Weir, Individually; Al Weir, Individually; Weir Bros. Inc.; Weir Transportation, Inc.; Weir Equipment, Inc.; Weir Excavation, Inc.; Weir Bros. Partners, LLC; Weir Industries, Inc.; Orange Crush Recyclers Management, LLC; Orange Crush Recyclers, Ltd.; 3W-Southern Aggregates Holdings, LP; and Southern Aggregates, LP.

## Conclusion

The Court ORDERS Defendants Lee Weir, Individually; Mike Weir, Individually; Al Weir, Individually; Weir Bros. Inc.; Weir Transportation, Inc.; Weir

9

Equipment, Inc.; Weir Excavation, Inc.; Weir Bros. Partners, LLC; Weir Industries, Inc.; Orange Crush Recyclers Management, LLC; Orange Crush Recyclers, Ltd.; 3W-Southern Aggregates Holdings, LP; and Southern Aggregates, LP to, jointly and severally, pay Plaintiff Berkley Regional Insurance Company its reasonable attorneys' fees for preparing and submitting the Motion to Compel Post-Judgment Discovery to Aid in Enforcement of Judgment [Dkt. No. 2] in the amount of $1,512.00, pursuant to Federal Rule of Civil Procedure Rule 37(a)(5)(A). Full payment in this amount must be made to Plaintiff Berkley Regional Insurance Company by **July 9, 2014**.

Plaintiff is ORDERED to cause a copy of this order to be served by certified mail on Lee Weir, Individually; Mike Weir, Individually; Al Weir, Individually; Weir Bros. Inc.; Weir Transportation, Inc.; Weir Equipment, Inc.; Weir Excavation, Inc.; Weir Bros. Partners, LLC; Weir Industries, Inc.; Orange Crush Recyclers Management, LLC; Orange Crush Recyclers, Ltd.; 3W-Southern Aggregates Holdings, LP; and Southern Aggregates, LP and to then file an affidavit of service.

SO ORDERED.

DATED: June 9, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE